IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DIST. OF NEW MEXICO

06 APR -7 PM 3: 28

CLERK ALBUQUERQUE



BARBARA WACONDA, as Personal Representative
of the Estate of GLORIA LEON, Deceased,

    Plaintiff,

vs.   No. CIV 06-0101 JC ACT

THE UNITED STATES OF AMERICA,
ST. VINCENT REGIONAL MEDICAL CENTER,
REBECCA BAIR, M.D., AVELINA BARDWELL, M.D.,
IRON EAGLE ENTERPRISES, f/k/a PMSA,
JOSEPH ARAGON, MD, NANETTE LOWE, MD and
STAFF CARE, INC.

    Defendants.

## AMENDED COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH ARISING FROM MEDICAL NEGLIGENCE

The Plaintiff, Barbara Waconda, as Personal Representative for the Estate of Gloria Leon,

Deceased, states:

1. This action is brought, in part, pursuant to 28 U.S.C. 1346(b), known as the Federal Tort Claims Act.

2. Plaintiff Barbara Waconda, is a resident of New Laguna, New Mexico. Gloria Leon was injured at the Acoma/Canoncito/Laguna Hospital and Ambulatory Care Clinic (also known as "ACL"), on or about February 13, February 14 and February 17 of 2003.

3. An administrative claim for personal injury was filed with the Department of Health & Human Services, Office of the General Counsel, and ACL Hospital, on or about December 13, 2004, in a letter dated December 13, 2004. To date, the Department of Health & Human Services, Office of the General Counsel has not sent a letter of final disposition to counsel for Barbara Waconda.

1



4. At all relevant times, Defendant United States of America, by and through its agency, the Department of Health & Human Services, owned, controlled, operated, maintained, administered, manned, and conducted the ACL Hospital and Ambulatory Care Clinic located in San Fidel, New Mexico.

5. At all relevant times, Defendant United States of America employed the ACL Hospital and Ambulatory Care Clinic medical doctors and other healthcare providers, including the medical doctors and all other healthcare providers involved herein, who were responsible for providing medical care and treatment to Gloria Leon on February 13, 14, and 17, 2003, which were accepted in the reasonable belief that the services were being rendered by ACL Hospital and Ambulatory Care Clinic, or its servants. In doing so, ACL Hospital and Ambulatory Care Clinic, and the United States of America held out these doctors, nurses and other healthcare providers as its employees, and Gloria Leon looked to ACL Hospital and Ambulatory Care Clinic for care.

6. At all relevant times, those medical doctors and healthcare providers were acting within the course and scope of their employment with the United States of America acting by and through the Department of Health & Human Services.

7. Defendant United States of America, by and through its agency, the ACL Hospital and Ambulatory Care Clinic, provided healthcare to Gloria Leon on February 13, 14, and 17, 2003.

8. Defendant, St. Vincent Regional Medical Center, is a corporate resident of the State of New Mexico, which is headquartered in the city of Santa Fe.

9. Defendant Rebecca Bair, M.D., is a physician licensed to practice medicine in the State of New Mexico.

10. Upon information and belief, Dr. Bair acted as an agent of Defendant St. Vincent Regional Medical Center at the time of the treatment giving rise to this lawsuit and served as Defendant St. Vincent Regional Medical Center's apparent and ostensible agent, and Defendant St. Vincent Regional Medical Center is, therefore, vicariously responsible for Dr. Bair's negligence. In the alternative, Plaintiff claims that Defendant Dr. Bair and Defendant St. Vincent Regional Medical Center are alternatively or comparatively negligent.

11. Defendant Avelina Bardwell, M.D., is a physician licensed to practice medicine in the State of New Mexico.

12. Upon information and belief, Dr. Bardwell acted as an agent of Defendant St. Vincent Regional Medical Center at the time of the treatment giving rise to this lawsuit and served as Defendant St. Vincent Regional Medical Center's apparent and ostensible agent, and Defendant St. Vincent Regional Medical Center is, therefore, vicariously responsible for Dr. Bardwell's negligence. In the alternative, Plaintiff claims that Defendant Dr. Bardwell and St. Vincent Regional Medical Center are alternatively or comparatively negligent.

13. Plaintiff was recently informed by the United States of America that Joseph R. Aragon, M.D. was the doctor who saw Gloria Leon at the ACL Hospital and Ambulatory Care Clinic on February 13, 2003, and that Joseph R. Aragon, M.D. was an employee of Iron Eagle Enterprises, formerly known as Professional Medical Staffing Association, 4205 Montgomery Blvd., NE, Albuquerque, NM 87109, at all relevant times. Plaintiff was recently informed by the United States of America that ACL Hospital and Ambulatory Care Clinic contracted with Iron Eagle Enterprises, f/k/a Professional Medical Staffing

Association to provide medical doctors to work at the ACL Hospital and Ambulatory Care Clinic. In addition to being the employee, agent or apparent agent of Iron Eagle Enterprises, f/k/a Professional Medical Staffing Association, Joseph R. Aragon, M.D., acted as the employee, agent, apparent agent, and/or ostensible agent of ACL Hospital and Ambulatory Care Clinic at all relevant times.

14. Plaintiff was recently informed by the United States of America that Michael Noce, M.D. was the doctor who saw Gloria Leon at the ACL Hospital and Ambulatory Care Clinic on February 14, 2003, and that Michael Noce, M.D. was an employee of Iron Eagle Enterprises, formerly known as Professional Medical Staffing Association, 4205 Montgomery Blvd., NE, Albuquerque, NM 87109, at all relevant times. Plaintiff was recently informed by the United States of America that ACL Hospital and Ambulatory Care Clinic contracted with Iron Eagle Enterprises, f/k/a Professional Medical Staffing Association to provide medical doctors to work at the ACL Hospital and Ambulatory Care Clinic. In addition to being the employee, agent or apparent agent of Iron Eagle Enterprises, f/k/a Professional Medical Staffing Association, Michael Noce, M.D., acted as the employee, agent, apparent agent, and/or ostensible agent of ACL Hospital and Ambulatory Care Clinic at all relevant times.

15. Plaintiff was recently informed by the United States of America that Nanette Lowe, M.D. who saw Gloria Leon at the ACL Hospital and Ambulatory Care Clinic during the time in question was an employee of Staff Care, Inc., 501 Statesman Dr., Irving, TX 75063, at all relevant times. Plaintiff was recently informed by the United States of America that ACL Hospital and Ambulatory Care Clinic contracted with Staff Care, Inc., to provide medical doctors to work at the ACL Hospital and Ambulatory Care Clinic. In addition to being

4

the employee, agent or apparent agent of Staff Care, Inc., Nanette Lowe, M.D., acted as the employee, agent, apparent agent, and/or ostensible agent of ACL Hospital and Ambulatory Care Clinic at all relevant times.

16. Plaintiff was recently informed by the United States of America that Iron Eagle Enterprises, formerly known as Professional Medical Staffing Association, 4205 Montgomery Blvd., NE, Albuquerque, NM 87109, and Staff Care, Inc., and their relevant employees, were given notice of this pending lawsuit by the United States of America when the administrative claim for personal injury was filed with the Department of Health & Human Services, Office of the General Counsel, and ACL Hospital, on or about December 13, 2004, in a letter dated December 13, 2004.

17. The acts of which Plaintiff complains occurred both at the ACL Hospital and Ambulatory Care Clinic, located in San Fidel, New Mexico and St. Vincent Regional Medical Center, located in Santa Fe, New Mexico.

18. This Court has jurisdiction over the parties and the subject matter.

## FACTUAL ALLEGATIONS

19. On February 13, 2003, Gloria Leon, a diabetic, was seen by doctors or other healthcare providers employed by the ACL Hospital Emergency Room in San Fidel, New Mexico, complaining of a sore throat, body aches, fever, the inability to eat or drink and difficulty swallowing. Mrs. Leon was found to have an elevated glucose level of 312, an elevated temperature of 101.4, an elevated pulse of 122, and a blood pressure of 110/60. Mrs. Leon was diagnosed with a throat infection, given oral antibiotics, which she could not swallow, and was sent home.

5

20. On February 14, 2003, Mrs. Leon returned to the ACL Ambulatory Care Clinic with an elevated temperature of 101.6, an elevated pulse of 123, a fasting glucose level of 335, and a history of vomiting. She was found to be "not doing well" with a red throat, and an inability to eat or take her diabetes medication because of an inability to swallow. A physical exam showed a red throat with a white exudate that looked like "cottage cheese". Mrs. Leon was again diagnosed with a throat infection, told to increase her fluid intake and take oral medications which she could not swallow.

21. On February 17, 2003, Mrs. Leon returned to the ACL emergency room complaining of being "dehydrated". She had an elevated temperature of 100.5, an elevated pulse of 132, an elevated respiratory rate of 62, and oxygen saturations of 89%. She reported a productive cough, shortness of breath and dizziness for four (4) days. Her blood sugar was 757 and she was in kidney failure. The ACL healthcare providers described a "large goiter" in her throat, and she was very somnolent. The ACL healthcare providers transferred Gloria Leon to St. Vincent Regional Medical Center.

22. In the late hours of February 17, 2003, Defendant Rebecca Bair, M.D., accepted Mrs. Leon's care from ACL and admitted Mrs. Leon to St. Vincent Regional Medical Center. Mrs. Leon presented with increasing confusion, difficulty breathing and a "goiter". Laboratory results from ACL showed a left shift consistent with a bacterial infection. Defendant Bair noted that Mrs. Leon had a "goiter" but failed to do an appropriate History & Physical regarding the history of a new neck mass.

23. While a patient of Defendant Bair, Gloria Leon showed progressive signs of upper airway obstruction and worsening vital signs. Defendant Bair did not take measures to protect Mrs. Leon's airway.

24. The morning of February 18, 2003, Defendant Avelina Bardwell, M.D., took over Mrs. Leon's care from Defendant Bair. Defendant Bardwell did not do an adequate History & Physical and did not discover that Mrs. Leon had a new neck mass and increasing respiratory distress.

25. While a patient of Defendant Bardwell, Gloria Leon showed progressive signs of upper airway obstruction and worsening vital signs. Defendant Bardwell did not take measures to protect Mrs. Leon's airway.

26. Defendant Bair again took over the care of Mrs. Leon on or about Feb. 18, 2003. At 2310, the nurse on duty called Defendant Bair to notify her of "vital sign changes and increased oxygen requirements with dyspnea". Dr. Bair did not take measures to protect Mrs. Leon's airway.

27. Mrs. Leon continued with increasing respiratory distress. She had "continued dyspnea", was using her accessory abdominal muscles to breath and her pulse was trending upwards. Defendant Bair did not take steps to protect Mrs. Leon's airway.

28. On February 19, 2003, at 1:45am, the nurses called Defendant Bair and reported that Mrs. Leon's respirations had climbed to 32, her oxygen saturations were 84-87% on a non-rebreather mask and that Mrs. Leon was using her accessory muscles to breath. Defendant Bair did not come to evaluate Mrs. Leon.

29. Instead, Defendant Bair, ordered an arterial blood gas (ABG), ordered morphine (a respiratory depressant) for pain and told the nurse not to call her unless Mrs. Leon's pCO2 level was greater than 50. Defendant Bair chose not to come in to personally evaluate the cause of Mrs. Leon's increasing respiratory distress, chose not to protect Mrs. Leon's airway and chose to give a respiratory depressant to a patient in respiratory

7

distress.

30. Defendant St. Vincent Regional Medical Center's nurse, Christine R. Montoya, RN, gave Mrs. Leon 2mg of morphine, a respiratory depressant, for dyspnea.

31. The results of the ABG test ordered by Defendant Bair were called into Defendant Bair at 0230, on Feb. 19, 2003. The results of this ABG test have disappeared from Mrs. Leon's medical records.

32. Dr. Bair chose not to come in to personally evaluate Mrs. Leon after she received the results of the ABG test. Instead, Dr. Bair ordered another ABG test in the morning and told the nurse not to call her unless Mrs. Leon's oxygen saturations fell to 85% or less.

33. At 4:00am, the second ABG test was done. The results of this ABG test have disappeared from Mrs. Leon's medical records.

34. At 5:00am, Mrs. Leon's oxygen saturation level dropped to 85% on 15 liters of oxygen.

35. St. Vincent Regional Medical Center's nurse did not call Dr. Bair to report the oxygen saturation level of 85%, in spite of Dr. Bair's orders to do so.

36. At 5:50am, Defendant Bair was again paged by the nurse.

37. At 5:55am, an ABG performed on Mrs. Leon showed that she was acidotic, hypoxic and in respiratory failure.

38. At 6:05am, Mrs. Leon was intubated by Dr. Shaffer, but coded five (5) minutes later.

39. Defendant Bair did not arrive until after Mrs. Leon coded.

40. Mrs. Leon was pronounced dead at 0634, on Feb. 19, 2003.

## COUNT I: NEGLIGENCE OF DEFENDANT ACL

41. Plaintiff re-alleges all prior paragraphs.

42. Defendant ACL, acting through its agents, employees, apparent agents, and ostensible

agents, failed to meet the proper standard of care for Mrs. Leon and, as a direct and proximate result of their failure, Mrs. Leon's metabolic state deteriorated and her infection spread, after which she experienced respiratory distress, suffocation and death.

43. Defendant ACL is vicariously liable for the negligence of its employees, agents, apparent agents and ostensible agents, including, but not limited to Joseph R. Aragon, M.D., Michael Noce, M.D., and Nanette Lowe, M.D.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant ACL in an amount to be reasonably proved at trial, for pre- and post-judgment interest, for costs and for such other relief as may be proper.

## COUNT II: NEGLIGENCE OF DEFENDANT REBECCA BAIR, M.D.

44. Plaintiff re-alleges all prior paragraphs.

45. At all times material hereto, Plaintiff alleges that Rebecca Bair, M.D., acted in the course and scope of her duties as a Hospitalist for Defendant St. Vincent Regional Medical Center.

46. Defendant Bair failed to meet the proper standard of medical care in the evaluation and treatment of Mrs. Leon at all times on February 17, February 18, and February 19, 2003. As a direct and proximate result of Defendant Bair's negligence, Mrs. Leon's respiratory distress and infection went untreated, she was allowed to suffocate and die.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant Rebecca Bair, M.D., in an amount to be reasonably proved at trial for damages alleged above, for pre- and post-judgment interest, for costs and for such other relief as may be proper.

## COUNT III: NEGLIGENCE OF DEFENDANT AVELINA BARDWELL, M.D.

47. Plaintiff re-alleges all prior paragraphs.

48. At all times material hereto, Plaintiff alleges that Avelina Bardwell, M.D., acted in the course and scope of her duties as a Hospitalist for Defendant St. Vincent Regional Medical Center.

49. Plaintiff alleges that in evaluating and caring for Decedent, Gloria Leon, on February 18, 2003, Defendant Bardwell failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified physicians practicing under similar circumstances, giving due consideration to the locality involved, and that this constitutes negligence.

50. Plaintiff further alleges that Defendant Bardwell's negligence was a proximate cause of Gloria Leon's worsening condition and resulting death.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant Avelina Bardwell, M.D., in an amount to be reasonably proved at trial for damages alleged above, for pre- and post-judgment interest, for costs and for such other relief as may be proper.

## COUNT IV: OSTENSIBLE AGENCY CLAIM AGAINST DEFENDANT ST. VINCENT REGIONAL MEDICAL CENTER FOR ACTIONS AND OMISSIONS OF PERSONS WORKING IN THE HOSPITAL AS HOSPITALISTS

51. Plaintiff re-alleges all prior paragraphs.

52. At all times material hereto, Defendant St. Vincent Regional Medical Center had a contract with Dr. Rebecca Bair and Dr. Avelina Bardwell to provide hospital services, and they provided those services to the general public.

53. Defendant St. Vincent Regional Medical Center was available to provide its hospital services to Gloria Leon on February 17, 18, and 19, 2003, when Gloria Leon was transferred there for evaluation and treatment.

54. In evaluating and caring for Decedent, Gloria Leon on February 17, 18, and 19, 2003, Defendant St. Vincent Regional Medical Center's ostensible agents, including but not limited to Rebecca Bair, M.D., Avelina Bardwell, M.D., and Christine R. Montoya, R.N., and others failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified doctors, nurses and other healthcare providers practicing under similar circumstances, giving due consideration to the locality involved, and this constitutes negligence.

55. The negligence of Defendant St. Vincent Regional Medical Center's ostensible agents, Dr. Bair, Dr. Bardwell, and Christine R. Montoya, R.N., was a proximate cause of Gloria Leon's worsening condition and resulting death, and the damages arising therefrom.

56. Defendant St. Vincent Regional Medical Center is responsible for the injuries and damages proximately caused by the actions and omissions of all persons working in its facility who treated Gloria Leon on February 17, 18 and 19, 2003, including, but not limited to Rebecca Bair, M.D., Avelina Bardwell, M.D., and Christine R. Montoya, R.N., since all appearances indicated that Defendant St. Vincent Regional Medical Center was the actual provider of these services to the public.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant St. Vincent Regional Medical Center in an amount to be reasonably proved at trial, for pre- and post-judgment interest, for costs and for such other relief as may be proper.

### COUNT V: NEGLIGENCE AGAINST DEFENDANT ST. VINCENT REGIONAL MEDICAL CENTER

57. Plaintiff re-alleges all prior paragraphs.

58. Defendant St. Vincent Regional Medical Center, acting through its agents and employees, failed to meet the proper standard of care for Gloria Leon. As a direct and proximate

11

result of St. Vincent Regional Medical Center's failure, Gloria Leon's infection and respiratory distress were allowed to progress, which resulted in her death.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant St. Vincent Regional Medical Center in an amount to be reasonably proved at trial, for pre- and post-judgment interest, for costs and for such other relief as may be proper.

## COUNT VI: NEGLIGENT SPOLIATION OF EVIDENCE

59. Plaintiff re-alleges all prior paragraphs.

60. St. Vincent Regional Medical Center has a duty to properly record Gloria Leon's laboratory test results.

61. St. Vincent Regional Medical Center has a duty to maintain Gloria Leon's laboratory test results.

62. St. Vincent Regional Medical Center negligently failed to properly record all of Gloria Leon's blood gas results.

63. St. Vincent Regional Medical Center negligently failed to maintain and preserve Gloria Leon's blood gas results.

64. Plaintiff is prejudiced by the failure to preserve the blood gas results ordered on Gloria Leon on February 19, 2003, at 1:45pm, because the blood gas results would have been evidence of the degree of Gloria Leon's respiratory distress and would have proven Dr. Bair's negligence in failing to come in to personally evaluate and treat Gloria Leon, and in giving negligent medical orders.

65. Plaintiff is prejudiced by the failure to preserve the blood gas ordered on Gloria Leon on February 19, 2003, performed on Gloria Leon at 4:00am, because the blood gas results would have been evidence of the degree of Gloria Leon's respiratory distress and would

have proven Dr. Bair's negligence in failing to come in to personally evaluate and treat Gloria Leon.

66. The failure to preserve Gloria Leon's blood gases performed on February 19, 2003, at 4:00am, would have been evidence of the St. Vincent Regional Medical Center's nurses' negligence in not calling Defendant Bair to personally evaluate and treat Gloria Leon.

WHEREFORE, Barbara Waconda, as Personal Representative of the Estate of Gloria Leon requests damages against St. Vincent Regional Medical Center in an amount to be determined at trial, for interest including pre-judgment interest, costs, and for such other and further relief as this court may deem just and appropriate.

## COUNT VII: NEGLIGENCE OF DEFENDANT JOSEPH R. ARAGON, M.D.

67. Plaintiff re-alleges all prior paragraphs.

68. At all times material hereto, Plaintiff alleges that Joseph R. Aragon, M.D., acted in the course and scope of his duties as a doctor for ACL Hospital and Ambulatory Care Clinic, and Iron Eagle Enterprises, f/k/a Professional Medical Staffing Association.

69. Plaintiff alleges that in evaluating and caring for Decedent, Gloria Leon, Defendant Joseph R. Aragon, M.D., failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified physicians practicing under similar circumstances, giving due consideration to the locality involved, and that this constitutes negligence.

70. Plaintiff further alleges that Defendant Joseph R. Aragon, M.D.'s negligence was a proximate cause of Gloria Leon's worsening condition and resulting death.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant Joseph R. Aragon, M.D., in an amount to be reasonably proved at trial for damages alleged above, for

pre- and post-judgment interest, for costs and for such other relief as may be proper.

### COUNT VIII: NEGLIGENCE OF DEFENDANT NANETTE LOWE, M.D.

71. Plaintiff re-alleges all prior paragraphs.

72. At all times material hereto, Plaintiff alleges that Nanette Lowe, M.D., acted in the course and scope of his duties as a doctor for ACL Hospital and Ambulatory Care Clinic, and Staff Care, Inc.

73. Plaintiff alleges that in evaluating and caring for Decedent, Gloria Leon, Defendant Nanette Lowe, M.D., failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified physicians practicing under similar circumstances, giving due consideration to the locality involved, and that this constitutes negligence.

74. Plaintiff further alleges that Defendant Nanette Lowe, M.D.'s negligence was a proximate cause of Gloria Leon's worsening condition and resulting death.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant Nanette Lowe, M.D., in an amount to be reasonably proved at trial for damages alleged above, for pre- and post-judgment interest, for costs and for such other relief as may be proper.

### COUNT IX: NEGLIGENCE OF DEFENDANT IRON EAGLE ENTERPRISES, f/k/a PROFESSIONAL MEDICAL STAFFING ASSOCIATION

75. Plaintiff re-alleges all prior paragraphs.

76. Defendant Iron Eagle Enterprises is vicariously liable for the negligence of its employees, agents, apparent agents and ostensible agents, including, but not limited to Joseph R. Aragon, M.D., Michael Noce, M.D.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant Iron Eagle Enterprises in an amount to be reasonably proved at trial, for pre- and post-judgment

interest, for costs and for such other relief as may be proper.

## COUNT X: NEGLIGENCE OF DEFENDANT STAFF CARE, INC.

77.   Plaintiff re-alleges all prior paragraphs.

78.   Staff Care, Inc., is vicariously liable for the negligence of its employees, agents, apparent agents and ostensible agents, including, but not limited to Nanette Lowe, M.D.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant Staff Care, Inc., in an amount to be reasonably proved at trial, for pre- and post-judgment interest, for costs and for such other relief as may be proper.

Pia Salazar & Patrick W. Sullivan

_____
PIA SALAZAR
Attorneys for Plaintiff
6301 Indian School Rd., NE, Ste. 300
Albuquerque, NM 87110
(505) 314-1414
(505) 314-1419

15