IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA WACONDA, as Personal Representative
of the Estate of GLORIA LEON, Deceased,

      Plaintiff,

vs.                                                                 No. CIV 06-0101 JB/ACT

THE UNITED STATES OF AMERICA,
ST. VINCENT REGIONAL MEDICAL CENTER,
REBECCA BAIR, M.D., AVELINA BARDWELL, M.D.,
IRON EAGLE ENTERPRISES, f/k/a PMSA,
JOSEPH ARAGON, M.D., NANETTE LOWE, M.D.,
STAFF CARE, INC. and PERSONNEL RESEARCH, INC.
d/b/a PMSA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Drop Misjoined Defendant Iron Eagle, filed May 26, 2006 (Doc. 33)("Motion to Drop"). The primary issue is whether the Court should drop Iron Eagle under rule 21 of the Federal Rules of Civil Procedure because, based on the record before the Court, it cannot be held liable for the activities that occurred before it was created. Because Plaintiff Barbara Waconda has not responded to this motion, and has thus consented to it, and because the record before the Court supports dropping Iron Eagle, the Court will grant the motion.

## FACTUAL BACKGROUND

Waconda alleges that Iron Eagle was formerly known as Professional Medical Staffing Association ("PMSA"). See Second Amended Complaint to Recover Damages for Wrongful Death Arising from Medical Negligence ¶ 13, at 3, filed June 1, 2006 (Doc. 34)("Second Amended

Complaint"). Iron Eagle contends that allegation is not correct. Iron Eagle represents that PMSA was an organization through which the medical staffing business of Personnel Research, Inc. ("PRI") was run. See Deposition of Catherine Kincaid, M.D. at 28:6-14 (taken January 26, 2004)(taken for Murphy v. Davis, No. CV-2003-01385 (N.M. Second Jud. Dist. 2003))("Kincaid Depo.").

Iron Eagle represents that PRI is a New Mexico corporation that was originally incorporated in 1978 and that operated most recently out of its offices at 6301 Indian School Rd. NE, Albuquerque, New Mexico 87110. See NMPRC Corp. Info. Inquiry for PRI (May 12, 2006)(Motion to Drop, Exhibit B). Iron Eagle represents that PMSA's primary business was with Indian Health Service-related entities, including the Acoma/Canoncito/Laguna Hospital ("ACL"). See Kincaid Depo. at 82:20-84:22. ACL is the entity at which Gloria Leon allegedly suffered injuries. See Second Amended Complaint ¶ 2, at 1.

Business records of PRI indicate that PRI would have provided the services of Defendants Dr. Joseph Aragon and Dr. Michael Noce to ACL during the time frame relevant to Waconda's claims. See Personnel Research Inc. Client GM/GP History, dated April 23, 2003 (Motion to Drop, Exhibit A:9). Iron Eagle represents that Dr. Catharine Kincaid was previously an investor and officer of PRI. See NMPRC Corp. Info. Inquiry for PRI at 2; Kincaid Depo. at 18:4-20:22. Dr. Kincaid was also, at one time, a member of PRI's board of directors, but she resigned that position in December of 2002. See id. at 75:14-77:10 (incorrectly identifying the year at 75:14 as 2003 rather than 2002, but clarifying that point at 77:10).

Following her resignation from PRI's board of directors, Dr. Kincaid continued to manage the business of PMSA through the life of the remaining contracts to provide medical staffing. See id. at 78:11-79:23. PMSA's business wound down in June of 2003. See id. at 78:23-25. In early

May of 2003, Dr. Kincaid, along with her sister, incorporated a new and separate entity called Med Express Corporation See id. at 80:16-82:9; NMPRC Corp. Info. Inquiry for Med Express Corp. (Motion to Drop, Exhibit A:4).

In June of 2005, the name of Med Express Corp. was changed to Iron Eagle Enterprises, Inc. See Corp. Instruments Inquiry at 1 (Motion to Drop, Exhibit C). Iron Eagle represents that it is not a subsidiary or successor corporation of PRI. Iron Eagle represents that it is a separately incorporated entity that did not exist until after the time frame relevant to Waconda's Complaint.

Iron Eagle represents that it was PRI who contracted with ACL to provide medical staffing services during that time. Iron Eagle represents that it did not exist until several months after the alleged events giving rise to this matter, and is neither a subsidiary nor a successor entity to any organization that might face potential liability.

## PROCEDURAL BACKGROUND

Iron Eagle represents that it has informed Waconda of its factual background. See Letter from William G. Gilchrist to Pia Salazar (May 12, 2006). Upon being informed that she had misjoined Iron Eagle in this matter and that she should substitute another, separate entity for Iron Eagle, Waconda filed an unopposed motion to re-amend her complaint and added PRI as a defendant, but did not remove Iron Eagle as a defendant. See Second Amended Complaint at 1.

In filing the motion to re-amend, Waconda contacted for opposition, and served, only opposing counsel who had by then answered her original complaint. Although Iron Eagle's attorneys had already entered their appearance before that motion, see Entry of Appearance, filed May 12, 2006 (Doc. 27), Waconda did not contact them to determine whether they opposed the motion and did not serve a copy of the motion on them. See D.N.M.LR-Civ. 7.1 (a) & (b)(requiring service on each

party). Iron Eagle represents that, had Waconda contacted Iron Eagle's attorneys, they would have opposed her motion to amend for failing to remove Iron Eagle as a defendant in her Second Amended Complaint before the Court's determination of this motion.

Nonetheless, the Court has now granted leave to Waconda to file her Second Amended Complaint. See Order Granting Motion for Second Amended Complaint, filed May 24, 2006 (Doc. 32). Iron Eagle asks that, if Waconda files her Second Amended Complaint before the Court's determination of this motion, the Court apply this motion to the Second Amended Complaint.

Accordingly, Iron Eagle filed this motion. Iron Eagle therein moves the Court, pursuant to rule 21 of the Federal Rules of Civil Procedure, to drop it as a defendant. Waconda opposes this motion, but has not filed a written response. Defendants United States of America and Rebecca Bair, M.D. do not oppose the motion. Defendants St. Vincent Regional Medical Center, Nanette Lowe, M.D., and Staff Care, Inc. take no position on the motion. Iron Eagle contacted counsel for Avelina Bardwell, M.D. and Joseph Aragon, M.D., but at the time it filed its motion, they had not indicated their clients' positions on the motion.

## RULE 21

Improper parties may move the court to be dropped from a law suit pursuant to rule 21 of the Federal Rules of Civil Procedure. See Ziegler v. Akin, 261 F.2d 88, 91 (10th Cir. 1958)("The remedy available to improper parties is a motion to be dropped from the case."). Under rule 21, a party "may be dropped . . . by order of the court on the motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Whether to grant a motion to drop a party under rule 21 is within the district court's discretion. See K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1153 (10th Cir. 1985).

**Local Rule 7.1(b)**

Under United States District Court for the District of New Mexico local rule 7.1(b), a party who does not file a timely response to a motion grants her consent to the motion. The rule states in part: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.L.R. Civ. 7.1(b).

**ANALYSIS**

Under the local rules, Waconda's failure to file a written response to Iron Eagle's motion constitutes her consent to the motion. Nevertheless, the Court has examined the motion to determine if it should be granted. Because Waconda has technically consented to the motion, because the motion appears correct, and because the Court will drop Iron Eagle without prejudice to Waconda attempting to show the Court why it should not be added in the future, the Court will grant Iron Eagle's motion.

From the record before the Court, it does not appear that Iron Eagle can be held liable and thus the Court should drop it from this lawsuit. Based on Iron Eagle's representations, Iron Eagle is not a proper party to this lawsuit. To the extent that Waconda may hold a personnel agency liable for the alleged acts of its employees with respect to Leon, PRI appears to be the appropriately named entity, not Iron Eagle.

Waconda has already added PRI as a party and thus will suffer no prejudice if the Court drops Iron Eagle as a Defendant. If the Court does not have all of the facts, or if subsequent discovery shows that Iron Eagle is a proper party, Waconda may move the Court to have it brought back into the case. Accordingly, the Court will grant Iron Eagle's current motion and order it dropped from this lawsuit without prejudice to Waconda seeking to re-join it.

**IT IS ORDERED** that the Motion to Drop Misjoined Defendant Iron Eagle is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Pia D. Salazar
Salazar & Sullivan
Albuquerque, New Mexico

 *Attorneys for Plaintiff Barbara Waconda*

Deborah A. Solove
Miller Stratvert, P.A.
Albuquerque, New Mexico

 *Attorneys for Defendants Nanette Lowe & Staff Care, Inc.*

David C. Iglesias
 United States Attorney
Virgil H. Lewis, II
 Assistant United States Attorney
Albuquerque, New Mexico

 *Attorneys for Defendant United States of America*

William P. Slattery
David B. Lawrenz
Simons & Slattery, L.L.P.
Santa Fe, New Mexico

 *Attorneys for Defendant St. Vincent Regional Medical Center*

Lorri Krehbiel
Krehbiel Law Office, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Rebecca Bair*

E.W. Sheperd
Hatch, Allen & Sheperd, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Avelina Bardwell*

Rick Beitler
Timothy David Bergstrom
Beitler Law Firm, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Joseph Aragon & Personnel Research, Inc.*

Robert M. St. John
William G. Gilchrist, IV
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Iron Eagle Enterprises, Inc.*