IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA WACONDA, as Personal
Representative of the Estate of
GLORIA LEON, Deceased,

      Plaintiffs,

vs.                                                                  No. CIV 06-0101 JB/ACT

THE UNITED STATES OF AMERICA,
ST. VINCENT REGIONAL MEDICAL
CENTER, REBECCA BAIR, M.D., and
AVELINA BARDWELL, M.D.,
JOSEPH ARAGON, M.D., NANETTE
LOWE, M.D., and PERSONNEL
RESEARCH INC. d/b/a PMSA,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Dr. Bair's Motion for Partial Summary Judgment and Memorandum in Support, filed April 11, 2007 (Doc. 127)("Summary Judgment Motion"). The Court held a hearing on this motion on May 23, 2007. The primary issue is whether the Court should grant summary judgment on behalf of Defendant Rebecca Bair, M.D., on Plaintiff Barbara Waconda's medical malpractice claims based on: (i) Dr. Bair's order for morphine sulfate for Gloria Leon; (ii) Dr. Bair's reliance on the nurses' assessment of Leon's condition in lieu of personal evaluations during the night of February 18-19, 2003; and (iii) Dr. Bair's alleged breaches of the requisite standard of care occurring after 11:10 p.m. on February 18, 2003. Because Waconda has been unable to establish a genuine issue of material fact regarding whether Leon sustained any damages in association with these claims, the Court will grant Bair's motion and enter partial

summary judgment on her behalf.

## FACTUAL BACKGROUND

This case involves alleged negligent medical treatment that a number of physicians and health care facilities provided to Leon during the period between February 13, 2003 and February 19, 2003. The Court will limit its recitation of the facts to those pertinent to Dr. Bair's motion.

### 1.     Dr. Bair's Treatment of Leon.

Dr. Bair admitted Leon to St. Vincent Hospital in Santa Fe, New Mexico at 11:52 p.m. on February 17, 2003. See Plaintiff's Response to Defendant Dr. Bair's Motion for Partial Summary Judgment at 2, filed April 26, 2007 (Doc. 129)("Waconda's Response"). Leon was suffering from increasing confusion, respiratory difficulty, and a throat infection. See id.

At 11:10 p.m. on February 18, 2003, hospital nurses called Dr. Bair to notify her that Leon's vital signs were changing and that she had increased $O_2$ requirements with dyspnea. See id. ¶ 2, at 6-7. Following this call, Dr. Bair did not come to the hospital to personally evaluate Leon. See id. ¶ 3, at 7.

After her vital signs continued to deteriorate, at 1:45 a.m. on February 19, 2007, nurses again contacted Dr. Bair. See id. ¶¶ 4-9, at 7. Dr. Bair did not come to the hospital to personally evaluate Leon after the 1:45 a.m. telephone call. See id. ¶ 10, at 7. In response to the 1:45 a.m. call, Dr. Bair placed a telephone order for an Arterial Blood Gas test and requested that the nurses call if Leon's $PCO_2$ rose above fifty. See id. ¶ 11, at 7. Dr. Bair also ordered that Leon be administered morphine sulfate, a respiratory depressant, to ease her pain. See id. at 2. The nursing staff administered Leon morphine sulfate at 1:50 a.m. See id.

2. **Expert Testimony.**

Waconda has submitted the deposition of two medical experts, Stephen Payne, M.D., and Terry Simpson, M.D. Waconda characterizes Dr. Payne as an expert in internal medicine and Dr. Simpson as a surgical expert. See id. at 11-12.

a. **Morphine Administration.**

Dr. Payne testified that administering morphine to a patient with respiratory failure fell below the standard of care. See Waconda's Response, Exhibit 1, Deposition of Stephen R. Payne, M.D. at 58:10-13 ("Payne Deposition"). Dr. Payne stated that, although Dr. Bair's administration of morphine may have contributed to Leon's respiratory failure, he did not find evidence that the morphine killed Leon. See id. at 58:20-24. When asked directly, Dr. Payne also admitted that he could not say to a reasonable degree of medical probability that the administration of morphine caused Leon any damages. See id. at 59:10-14.

b. **Dr. Bair's Failure to Personally Evaluate Leon.**

Dr. Payne testified that Dr. Bair breached the requisite standard of care by not personally evaluating Leon as soon as she became aware of Leon's increasing respiratory distress. See id. at 67:8-13. No expert in this matter, however, has opined to a reasonable degree of medical probability that Dr. Bair's failure to personally evaluate Leon caused any damages. See Dr. Bair's Reply in Support of Motion for Partial Summary Judgment, filed May 10, 2007 (Doc. 135)("Bair's Reply").

c. **Alleged Negligence After 11:10 p.m. on February 18, 2003.**

Dr. Simpson testified that if, when the nursing staff called Dr. Bair at 11:10 p.m. on February 18, 2003, Dr. Bair had treated Leon, it is more than likely that Leon would have survived. See Bair's Reply, Exhibit A, Deposition of Terry L. Simpson, M.D. at 125:14-21 ("Simpson

-3-

Deposition"). Simpson admitted, however, that he could not state to a reasonable degree of medical probability that, if Dr. Bair had treated Leon at 1:45 a.m. on February 18, 2003, Leon would have survived. See id. at 125:3-13. Dr. Payne testified that he could not say to a reasonable degree of medical probability that, even with the best care, Leon would have been salvageable after 11:10 p.m. on February 18, 2003. See Payne Deposition at 80:5-10.

## PROCEDURAL BACKGROUND

Waconda, as personal representative of Leon's estate, filed the operative complaint in this case on June 1, 2006. See Second Amended Complaint to Recover Damages for Wrongful Death Arising from Medical Negligence, filed June 1, 2006 (Doc. 34)("Complaint"). Waconda's Complaint seeks damages for wrongful death arising from various Defendants' negligent medical treatment of Leon. See id. ¶¶ 20-41, at 5-8. Among other claims, Waconda alleges that Dr. Bair breached the standard of care in her treatment of Leon by failing to personally evaluate Leon on several occasions and administering morphine sulfate to her while she was in respiratory distress.    Dr. Bair moves the Court for partial summary judgment on Waconda's claims that Dr. Bair committed medical malpractice based on: (i) the administrative of morphine sulfate to Leon; (ii) Dr. Bair's reliance on nurses' assessments in place of personal evaluations during the night of February 18-19, 2003; and (iii) all alleged breaches in the standard of care after 11:10 p.m. on February 18, 2003. Dr. Bair contends that she is entitled to summary judgment on these claims because the undisputed material facts demonstrate that Waconda's expert cannot establish that these acts caused any damages or injuries.

## STANDARD FOR DECIDING SUMMARY JUDGMENT MOTIONS

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party seeking summary judgment has an "initial burden to show that there is an absence of evidence to support the nonmoving party's case." Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000)(quoting Thomas v. IBM, 48 F.3d 478, 484 (10th Cir. 1995))(internal quotations omitted). Upon meeting that burden, the non-moving party must "identify specific facts that show the existence of a genuine issue of material fact." Munoz v. St. Mary-Corwin Hosp., 221 F.3d at 1164 (citations and internal quotations omitted).

The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

"The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." Id. (citations and internal quotations omitted). The mere existence of a scintilla of evidence in support of the plaintiff's position is not sufficient to avoid summary judgment; there must be evidence on which the fact finder can reasonably find for the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories,

and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324 (internal quotations omitted).

"In a response to a motion for summary judgment, a party cannot rest on ignorance of the facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996).

When evaluating a motion for summary judgment, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. See Sigmon v. CommunityCare HMO, Inc., 234 F.3d 1121, 1124-25 (10th Cir. 2000). The court may consider only admissible evidence when ruling on a motion for summary judgment. See World of Sleep, Inc. v. La-Z-Boy Chair, Co., 756 F.2d 1467, 1474 (10th Cir. 1985)(citing Fed. R. Civ. P. 56(e)).

## NEW MEXICO LAW REGARDING MEDICAL MALPRACTICE CLAIMS

Under New Mexico law, a plaintiff seeking to prove medical malpractice must establish: (i) the defendant owed the plaintiff a duty of care under the law; (ii) the defendant breached that duty; and (iii) the defendant's breach was the proximate cause of the injuries the plaintiff suffered. See Blauwkamp v. Univ. of N.M. Hosp., 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct. App. 1992); Rule 13-1101 NMRA. To prevail on a medical malpractice claim, a plaintiff must prove each of these elements to "a reasonable degree of medical probability." Alberts v. Schultz, 1999-NMSC-015, ¶ 29, 975 P.2d 1279, 1286. For a plaintiff "[t]o prove a proposition to a reasonable medical probability requires expert medical testimony establishing that the proposition is more likely than not." Baca v.

Bueno Foods,108 N.M. 98, 100, 766 P.2d 1332, 1334 (Ct. App. 1988).

Among the injuries for which a plaintiff in a medical malpractice case may recover is a loss of chance for survival. See Baer v. Regents of the Univ. of Cal., 1999-NMCA-005, ¶14, 972 P.2d 9, 13. To succeed on a lost chance theory, "the patient must present evidence that the harm for which he or she originally sought treatment -- the presenting medical problem -- was in fact made worse by the lost chance." Alberts v. Schultz, 1999-NMSC-015, ¶ 23, 975 P.2d at 1285. The Supreme Court of New Mexico has explained that "[t]he basic test for establishing loss of chance is no different from the elements required in other medical malpractice actions, or in negligence suits in general: duty, breach, loss or damage, and causation." Id. ¶ 17, 975 P.2d at 1284. The standards of causation in a loss of chance case are the same as in medical malpractice actions prosecuted under other theories. See id. ¶ 29, 975 P.2d at 1286 (explaining that the standard of proof in a loss of chance case "is proof to a reasonable degree of medical probability"); Baer v. Regents of the Univ. of Cal., 1999-NMCA-005, ¶ 15, 972 P.2d at 14 ("Under the approach taken in this [loss of chance] case, the standards of causation remain the same.").

## ANALYSIS

The undisputed material facts establish that Waconda has not presented expert medical testimony establishing that Dr. Bair's alleged breaches of the standard of care caused Leon any damages. Indeed, at the hearing on this motion, Waconda's counsel admitted that "there is a gap in the record" regarding her claims associated with the alleged negligence that is the subject of this motion. Transcript of Hearing at 8:4-5 (Sullivan)("Transcript").[1]  The Court will grant Dr. Bair

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

partial summary judgment in association with Waconda's claims based on Dr. Bair's administration of morphine sulfate, her failure to personally evaluate Leon, and her allegedly negligent actions that occurred after 11:10 p.m. on February 18, 2003.

When asked directly, Dr. Payne admitted that he could not say to a reasonable degree of medical probability that the administration of morphine sulfate caused Leon any damages. See Payne Deposition at 59:10-14. Dr. Payne also testified that he could not say to a reasonable degree of medical probability that, even with the best care, Leon would have been salvageable after 11:10 p.m. on February 18, 2003. See Payne Deposition at 80:5-10. In their deposition testimony, neither Dr. Payne nor Dr. Simpson opined that Dr. Bair's failure to personally evaluate Leon caused any damages.

To prevail on a medical malpractice action under New Mexico law, including an action premised on a theory of a loss of chance of survival, a plaintiff must present expert testimony establishing the mandatory elements of injury and causation to a reasonable degree of medical probability. Dr. Bair, as the party seeking summary judgment, has met her initial burden to show that there is an absence of evidence to support Waconda's case with respect to the three claims that are the subject of this motion. See Munoz v. St. Mary-Corwin Hosp., 221 F.3d at 1164. Because Dr. Bair has met that burden, it is Waconda's responsibility to "go beyond the pleadings and by [her] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324. Waconda has not attempted to supplement the record with affidavits, additional deposition testimony, or other competent summary judgment evidence in a manner sufficient to demonstrate that there is a genuine issue of material fact in dispute regarding the claims on which Dr. Bair requests partial

summary judgment. Waconda admits that the information needed to prove causation on the claims that are the subject of this motion is not in the experts' depositions and that "there is a gap in the record." Transcript at 8:2-4 (Sullivan).

Dr. Bair has demonstrated that Waconda has not presented evidence sufficient to prove causation in association with Waconda's claims based on: (i) Dr. Bair's administration of morphine sulfate; (ii) Dr. Bair's failure to personally evaluate Leon; and (iii) Dr. Bair's alleged negligence after 11:10 p.m. on February 18, 2007. Waconda admits that a gap in the evidence exists with respect to these claims. Accordingly, the Court concludes that Waconda cannot succeed on these claims as a matter of law and will enter partial summary judgment on Dr. Bair's behalf.

**IT IS ORDERED** that Dr. Bair's Motion for Partial Summary Judgment and Memorandum in Support is granted.

_____
UNITED STATES DISTRICT JUDGE

-

*Counsel:*

Pia D. Salazar
Patrick W. Sullivan
Salazar & Sullivan
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Larry Gomez
  Acting United States Attorney
Virgil H. Lewis II
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Defendant United States of America*

Lorri Krehbiel
Krehbiel Law Office
Albuquerque, New Mexico

    *Attorneys for Defendant Rebecca Bair, M.D.*

Edward W. Shepherd
Hatch, Allen & Shepherd
Albuquerque, New Mexico

    *Attorneys for Defendant Avelina Bardwell, M.D.*

Melvin R. Beitler
Timothy D. Bergstrom
Beitler Law Firm, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Joseph Aragon, M.D.*
     *and Professional Medical Staffing Associates*
     *d/b/a PMSA*