IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA WACONDA, as Personal
Representative of the Estate of
GLORIA LEON, Deceased,

       Plaintiffs,

vs.                                                                                                No. CIV 06-0101 JB/ACT

THE UNITED STATES OF AMERICA,
ST. VINCENT REGIONAL MEDICAL
CENTER, REBECCA BAIR, M.D., and
AVELINA BARDWELL, M.D.,
JOSEPH ARAGON, M.D., NANETTE
LOWE, M.D., and PERSONNEL
RESEARCH INC. d/b/a PMSA,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Dr. Bair's Motion In Limine to Exclude Cumulative Expert Testimony and to Exclude Evidence of Other Malpractice Action, with Memorandum in Support, filed April 11, 2007 (Doc. 128)("Motion to Exclude"). The Court held a hearing on this motion on May 23, 2007. The primary issues are: (I) whether the Court should limit Plaintiff Barbara Waconda's proposed expert testimony because it is cumulative; and (ii) whether the Court should exclude evidence regarding another medical malpractice lawsuit currently being prosecuted against Defendant Rebecca Bair, M.D. Because the Court believes that Waconda has provided sufficient justification for the expert testimony she has proffered, the Court will not exclude pretrial that expert testimony. Because the Court believes, however, that the prejudicial effect of evidence regarding another medical malpractice lawsuit currently being prosecuted against Dr. Bair outweighs any probative value the evidence may have, the Court will exclude such

evidence. The Court will allow the Defendants, however, to cross-examine Waconda's experts about their history of malpractice suits.

## FACTUAL BACKGROUND

This case involves alleged negligent medical treatment that a number of physicians and health care facilities provided to Gloria Leon during the period between February 13, 2003 and February 19, 2003. The Court will limit its recitation of the facts to those pertinent to Dr. Bair's motion.

### 1. Dr. Bair's Treatment of Leon.

Dr. Bair admitted Leon to St. Vincent Hospital ("SVH") in Santa Fe, New Mexico at 11:52 p.m. on February 17, 2003. See Plaintiff's Response to Defendant Dr. Bair's Motion In Limine to Exclude Cumulative Expert Testimony and to Exclude Evidence of Other Malpractice Action at 3, filed May 2, 2007 (Doc. 131)("Waconda's Response"). Leon was suffering from increasing confusion, respiratory difficulty, and a throat infection. See id. at 2-3

At 11:10 p.m. on February 18, 2003, hospital nurses called Dr. Bair to notify her that Leon's vital signs were changing and that she had increased $O_2$ requirements with dyspnea. See id. at 3. Following this call, Dr. Bair did not come to the hospital to personally evaluate Leon. See id.

After her vital signs continued to deteriorate, at 1:45 a.m. on February 19, 2007, nurses again contacted Dr. Bair. See id. at 3-4. Dr. Bair did not come to the hospital to personally evaluate Leon after the 1:45 a.m. telephone call. See id. at 4. In response to the 1:45 a.m. call, Dr. Bair placed a telephone order for an Arterial Blood Gas ("ABG") test; at 2:30 a.m., nurses called Dr. Bair regarding the results of ABG test. See id. Dr. Bair did not come to the hospital to personally evaluate Leon after the 2:30 a.m. telephone call. See id.

### 2. **Expert Testimony.**

Waconda has submitted the deposition of four medical experts: (I) Stephen Payne, M.D.; (ii) Terry Simpson, M..D.; (iii) Robert Henry, M.D.; and (iv) Patricia Reigers, R.N. See id. Waconda states that Dr. Payne is an internal-medicine physician, Dr. Simpson is a surgeon, Dr. Henry is an emergency-room physician, and Reigers is a floor nurse. See id.

#### a. **Dr. Payne.**

Dr. Payne opined that, at the time Dr. Bair admitted Leon to SVH, Dr. Bair breached the standard of care by not conducting a thorough neck exam and not documenting an exam of Leon's thyroid and neck. See Expert Report of Stephen Payne, M.D. at 4, filed December 13, 2006 (Doc. 80)("Payne Report"). Dr. Payne's report also asserts that Dr. Bair failed to respond appropriately to Leon's increasing respiratory difficulties on February 18 and 19, 2003. See id. at 5-6. In addition, Dr. Payne criticized Dr. Bair for not personally examining Leon after the nursing staff contacted her, for failing to order a surgical consultation, and for the timeliness of her initiation of intubation. See id. at 6.

#### b. **Dr. Simpson.**

Dr. Simpson stated that Dr. Bair's failure "to obtain a proper History and Physical" of Leon departed from the standard of care. Expert Report of Terry L. Simpson, M.D. at 4, filed December 13, 2006 (Doc. 79)("Simpson Report"). Dr. Simpson noted that, under the standard of care, Dr. Bair had an obligation to identify Leon's neck mass, properly diagnose it, and obtain an immediate surgical consultation. See id. at 5. Dr. Simpson explained that surgeons rely on emergency-room physicians and internal-medicine physicians to make initial diagnoses. See id. He concluded that, had Dr. Bair obtained a surgical consultation after being notified of Leon's condition at 11:10 p.m.

on February 18, 2003, it is more likely than not that Leon would have survived. See Waconda's Response, Exhibit 10, Deposition of Terry L. Simpson, M.D. at 125:14-22 (taken March 16, 2007)("Simpson Deposition").

### c. Dr. Henry.

Dr. Henry stated that, at the time Dr. Bair admitted Leon to SVH, the standard of care required Dr. Bair to obtain a surgical consultation. See Expert Report of Robert Henry, M.D. at 11, filed December 13, 2006 (Doc. 78)("Henry Report"). Dr. Henry concluded that, as a matter of reasonable medical probability, if a surgical consultation had been obtained on February 17, 2003, Leon's infection could have been effectively treated. See id. at 11-12.

Dr. Henry indicated that he was "not testifying as an internist" in this case. Waconda's Response, Exhibit 8, Deposition of Robert Henry, M.D. at 83:16-17 (taken March 21, 2007)("Henry Deposition"). Dr. Henry testified that the emergency-room doctor who transferred Leon to SVH would have assumed that Leon would be re-examined upon being admitted to SVH. See id. at 97:14-17. Dr. Henry opined that the transferring physician "had a right to expect an appropriate examination both radiographically and physically and laboratorywise at St. Vincent's." Id. at 97:18-21.

### d. Nurse Reigers.

Reigers testified that, based on her experience and education as a nurse, she would have expected Dr. Bair to personally evaluate Leon after the nurses notified her of Leon's condition at 11:10 p.m. on February 18, 2003. See Waconda's Response, Exhibit 9, Deposition of Patricia L. Reigers, R.N. at 79:24-80:3 (taken February 21, 2007)("Reigers Deposition"). Reigers stated that, under the circumstances as they were at 11:10 p.m., if a doctor did not come to personally evaluate

the patient, the nurse's standard of care would require the nurse to go up the chain of command and obtain a physician who would evaluate the patient. See id. at 80:8-13.

### 3. Other Malpractice Actions.

Dr. Bair represents that she is currently a defendant in another, unrelated medical malpractice lawsuit currently proceeding in the State of New Mexico Second Judicial District. See Motion to Exclude at 2. Dr. Bair states that this other lawsuit involves an alleged delay in diagnosing appendicitis. See id. at 6. One of Waconda's expert witnesses in this case, Dr. Henry, is also an expert witness against Dr. Bair in the appendicitis case. See id.

Dr. Payne was not asked during his deposition whether he has ever been sued for malpractice. See Waconda's Response at 9. Dr. Simpson has been sued in four cases where he was ultimately dropped from the lawsuit, see Simpson Deposition at 130:21-132:10, and he is currently a defendant in a wrongful death lawsuit in which the plaintiff alleges that the decedent died from a leak after a duodenal switch operation, see id. at 132:11-24. Dr. Henry has been sued for malpractice in one case involving a stroke. See Henry Deposition at 102:9-103:7. Reigers has never been sued for malpractice. See Reigers Deposition at 19:22-20:1.

### PROCEDURAL HISTORY

On April 11, 2007, Dr. Bair filed this motion to exclude cumulative expert testimony. Specifically, Dr. Bair states that: (I) the testimony of Dr. Simpson and Dr. Henry asserting that Dr. Bair incorrectly assessed or identified Leon's neck mass is cumulative of Dr. Payne's testimony that Dr. Bair did not conduct a thorough neck exam; (ii) the testimony of Dr. Simpson and Dr. Henry that Dr. Bair breached the standard of care because she did not obtain a surgical consultation are cumulative to Dr. Payne's testimony on that matter; and (iii) the testimony of Dr. Simpson and

Reigers opining that Dr. Bair should have come to personally evaluate Leon are cumulative to Dr. Payne's testimony on that matter. See Motion to Exclude at 4. Dr. Bair moves the Court, pursuant to rule 403 of the Federal Rules of Evidence, to exclude the testimony of Dr. Simpson, Dr. Henry, and Reigers on these subjects. See id. at 6-7. At the hearing on this motion, counsel for Defendant Avelina Bardwell, M.D., and counsel for Defendants Personnel Research, Inc. d/b/a PMSA and Joseph Aragon, M.D. joined in this portion of Dr. Bair's motion. See Transcript of Hearing at 17:6-9 (Shepherd); 17:19-21 (Beitler)(taken May 23, 2007)("Transcript"). The parties' counsel explained that these same experts would be testifying against all of the Defendants in this case. See id. at 17:16-17 (Beitler).

Waconda opposed Dr. Bair's request to limit the experts' testimony. Waconda argues that the "experts' testimony is not cumulative but instead is limited to their specialties and will be helpful to the jury by providing context, continuity and perspective to numerous acts of negligence." Waconda's Response at 1.

Dr. Bair also requests that the Court exclude evidence regarding the other malpractice action currently being prosecuted against her. See Motion to Exclude at 5. Dr. Bair contends that this evidence is irrelevant, or, alternatively, unduly prejudicial. See id. Dr. Bair cites rule 404(b) for the proposition that evidence of alleged prior bad acts cannot be used to demonstrate a disposition to commit such acts. See id. In her response to Dr. Bair's motion, Waconda stated that she "does not oppose excluding evidence of Dr. Bair's other malpractice action as long as evidence regarding malpractice actions of Plaintiff's experts is likewise excluded as irrelevant." Waconda's Response at 8.

**RULE 403**

Rule 403 of the Federal Rules of Evidence authorizes a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In evaluating whether evidence should be excluded on grounds of unfair prejudice, courts should consider the probable effectiveness of a limiting instruction and the availability of less prejudicial, alternative means of proof. See Old Chief v. United States, 519 U.S. 172, 184-85 (1997)("[W]hen Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives."); Fed. R. Evid. 403 advisory committee's note. The United States Court of Appeals for the Tenth Circuit has cautioned trial courts that "[e]xcluding otherwise admissible evidence under Rule 403 'is an extraordinary remedy that should be used sparingly.'" Mendelsohn v. Sprint/United Mgmt. Co., 466 F.3d 1223, 1231 (10th Cir. 2006)(quoting United States v. Roberts, 88 F.3d 872, 880 (10th Cir. 1996)).

**RULE 404(b)**

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Evidence of past wrongdoing may be admissible, however, to prove "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. See Huddleston v. United States, 485 U.S. 681, 685 (1988)("Federal Rule of

Evidence 404(b) -- which applies in both civil and criminal cases -- generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge."). For evidence to be admissible under rule 404(b), the party offering the evidence must demonstrate four elements:

> (1) the evidence was offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the trial court, upon request, instructed the jury to consider the evidence only for the proper purpose for which it was admitted.

United States v. Burse, 150 Fed. Appx. 829, 830-31 (10th Cir. 2005). Accordingly, the Tenth Circuit has explained that "[t]estimony which is admissible under Rule 404(b) is still subject to exclusion pursuant to Rule 403." Gust v. Jones, 162 F.3d 587, 596 (10th Cir. 1998).

## **ANALYSIS**

Dr. Bair's motion requests the Court to exclude expert testimony because it is cumulative, and to exclude evidence related to another medical malpractice lawsuit against Dr. Bair because that lawsuit is irrelevant to the present action and evidence regarding that lawsuit would be unduly prejudicial to Dr. Bair. Waconda counters that the expert testimony she proffers is not duplicative and that such evidence will be helpful to the jury in explaining various acts of Dr. Bair's alleged negligence in the context of each of the witnesses' appropriate specialty. Waconda also states that she has no objection to excluding evidence regarding the other malpractice lawsuit against Dr. Bair, so long as the Court excludes evidence related to malpractice actions against Waconda's expert witnesses. Because the Court does not believe that the evidence Waconda has proffered is cumulative, the Court will not exclude any portion of the experts' testimony pretrial. Because the

Court believes, however, that the prejudicial effect of evidence regarding another medical malpractice lawsuit currently being prosecuted against Dr. Bair outweighs any probative value the evidence may have, the Court will exclude such evidence.

## I.  THE COURT WILL NOT EXCLUDE ANY EVIDENCE PRETRIAL ON THE GROUNDS THAT THE EVIDENCE IS CUMULATIVE.

Dr. Bair argues that allowing multiple expert witnesses testify regarding whether Dr. Bair breached the requisite standard of care would be "cumulative, repetitious, and wasteful of judicial resources." Motion to Exclude at 5. She indicates that the testimony may also be unduly prejudicial because "the jury may be persuaded that [Waconda's] case is stronger by virtue of the sheer number of [Waconda's] experts." Id. See Transcript at 17:21-25 (Beitler)("It's cumulative in the sense that you're going to have three different folks coming in and talking about what the emergency room doctor is doing, what the other doctors are doing and should be doing."). Moreover, Dr. Bair asserts that precluding the cumulative testimony will not prejudice Waconda. See Motion to Exclude at 5.

At the hearing on this motion, Dr. Bair's counsel indicated that she was not challenging the experts' qualifications at this time. See Transcript at 15:9-14 (Krehbiel). Dr. Bair's counsel requested leave, however, to file a Daubert motion as may be needed to exclude testimony from expert witnesses testifying outside of their specialties. See id. at 15:14-18 (Krehbiel). Counsel for PMSA and Dr. Aragon noted at the hearing that none of the witnesses had recently practiced in an emergency room setting and therefore it would be "potentially misleading to allow them to testify." Id. at 18:17-21 (Beitler).

Waconda counters that the testimony she proffers is not overlapping, but rather provides relevant information on distinct aspects of the various Defendants' treatment of Leon. Specifically,

-9-

Dr. Henry's testimony will explain what the standard of care is for a doctor receiving a patient from the emergency room and Dr. Simpson will explain when a surgeon would expect a doctor to call for a surgical consultation. See id. at 20:3-19 (Sullivan). Waconda also stated that, because of the number of Defendants involved in this case, and because a number of Defendants have already entered into settlement agreements, testimony regarding the nurses' conduct is necessary to prevent the remaining Defendants from attempting to escape liability at trial by assigning blame to the nursing staff of hospitals that have already settled with Waconda. See id. at 20:24-21:6.

Because Dr. Bair has not argued, in the context of this motion, that the experts whose testimony Waconda offers are not qualified to offer the opinions they have proffered, the Court will confine its analysis to determining whether the testimony is cumulative or otherwise admissible under rule 403. The Court believes that, given the extended period of time over which Leon received medical treatment, the number of Defendants in this case, and the different roles each of the Defendants played in Leon's treatment, there is sufficient justification for different experts' testimony. The Court believes that there is enough distinction between each of the experts' testimony to prevent the testimony from becoming cumulative. Moreover, the Court also believes that, as the parties get closer to trial, the issues at play may become more refined and the witnesses' testimony may not overlap in the manner Dr. Bair alleges.

The Court acknowledges that, going forward, the Defendants' may object to some of the experts' conclusions on Daubert grounds, i.e., that the individual experts' assertions regarding whether Dr. Bair breached the standard of care may be opinion testimony outside of the experts' respective specialties. To help the parties prepare for trial, and to keep this matter proceeding effectively, the Court will set a deadline for the submission of Daubert motions for June 15, 2007.

At the hearing on this motion, the parties agreed that this would be a suitable deadline. See Transcript at 26:10-11 (Sullivan); 26:14-15 (Krehbiel); 26:18-19 (Shepherd).

## II.   THE COURT WILL EXCLUDE EVIDENCE REGARDING THE OTHER MEDICAL MALPRACTICE LAWSUIT CURRENTLY PENDING AGAINST DR. BAIR.

Dr. Bair also maintains that evidence regarding the other medical malpractice lawsuit against her is "neither admissible to show a disposition to commit such acts, nor admissible to corroborate testimony aimed at proving the specific act at issue in this case." Id. at 5. She characterizes evidence related to the appendicitis case as irrelevant and unduly prejudicial, and suggests that the presentation of such evidence "would necessitate a trial within a trial." Id. at 6. In her response to Dr. Bair's motion, Waconda stated that she "does not oppose excluding evidence of Dr. Bair's other malpractice action as long as evidence regarding malpractice actions of Plaintiff's experts is likewise excluded as irrelevant." Waconda's Response at 8.

Consistent with rules 403 and 404(b), the Court will exclude evidence of Dr. Bair's other medical malpractice lawsuit. The Court notes that Waconda has not articulated a proper purpose for the admission of this evidence, and the Court does not see how the evidence reflects "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Court believes that evidence related to the other case against Dr. Bair would be highly prejudicial and has little probative value with respect to the matters at issue in this case other than to suggest Dr. Bair has a propensity for negligence.

On the other hand, the Court will admit evidence regarding other medical malpractice lawsuits that have been brought against Waconda's experts. The Court believes that, when an individual testifies as an expert, they necessarily open themselves up to an evaluation of their

credibility and experience. The Court will not restrict Dr. Bair's right to impeach Waconda's experts' credibility merely because it has excluded evidence of another medical malpractice action against Dr. Bair.

**IT IS ORDERED** that Dr. Bair's Motion In Limine to Exclude Cumulative Expert Testimony and to Exclude Evidence of Other Malpractice Action, with Memorandum in Support is granted in part and denied in part. The Court will not exclude pretrial expert testimony that Waconda has proffered. The Court will exclude evidence regarding the other medical malpractice lawsuit presently pending against Dr. Bair. The Court will allow the Defendants to cross-examine Waconda's expert witnesses about their history of malpractice suits.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Pia D. Salazar
Patrick W. Sullivan
Salazar & Sullivan
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Larry Gomez
  Acting United States Attorney
Virgil H. Lewis II
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Defendant United States of America*

Lorri Krehbiel
Krehbiel Law Office
Albuquerque, New Mexico

>*Attorneys for Defendant Rebecca Bair, M.D.*

Edward W. Shepherd
Hatch, Allen & Shepherd
Albuquerque, New Mexico

>*Attorneys for Defendant Avelina Bardwell, M.D.*

Melvin R. Beitler
Timothy D. Bergstrom
Beitler Law Firm, P.A.
Albuquerque, New Mexico

>*Attorneys for Defendants Joseph Aragon, M.D.*
>  *and Professional Medical Staffing Associates*
>  *d/b/a PMSA*